UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>    Plaintiff,<br><br>    v.<br><br>S. LWIN, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-0168-LJO-MJS (PC)**<br><br>**ORDER**<br><br>**(1) VACATING FINDINGS & RECOMMENDATIONS;**<br><br>**(2) DENYING MOTION TO AMEND AS MOOT; AND**<br><br>**(3) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF Nos. 10, 11, 12)**<br><br>**THIRTY-DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On March 17, 2016, Plaintiff's complaint was dismissed for failure to state a claim, and she was granted thirty days to file an amended complaint. (ECF No. 7.) When Plaintiff failed to file an amended complaint or otherwise respond to the Court's order, the undersigned issued Findings and Recommendations to dismiss this action for failure to prosecute and failure to comply with a court order. (ECF No. 10.) Since then, Plaintiff filed a motion to amend her complaint (ECF No. 11) and a

First Amended Complaint ("FAC") (ECF No. 12). Accordingly, the Findings and Recommendations will be vacated and the Court will now screen the FAC.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II. **PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

The Court has reviewed the FAC and finds it to be substantially similar to the original complaint, which was dismissed with leave to amend for improper joinder in violation of Federal Rule of Civil Procedure 20. While it appears that Plaintiff omitted certain paragraphs and added others, she has otherwise filed the same document alleging as follows:

At all times relevant to this action, Plaintiff was an inmate housed at the Central California Women's Facility in Chowchilla, California.

1. Plaintiff suffers from chronic pain. On January 29, 2015, Dr. S. Lwin told Plaintiff that an egg crate mattress and pillow would be provided for her. Dr. Lwin, however, never provided these items to Plaintiff, resulting in pain and suffering for Plaintiff in her neck, back, and sides.

2. On February 15, 2015, at approximately 9:30 p.m., Plaintiff began experiencing breathing problems. When Plaintiff called for help, the Defendant Doe Officer who responded told Plaintiff that she already had her oxygen mask and tank. When Plaintiff said she still could not breathe properly, this Defendant ignored her. Plaintiff used the emergency call light to call for help, but no one from medical staff responded. Plaintiff then fell unconscious and awoke at 10:35 p.m. on the floor with blood in her mouth. She began screaming for help and used the emergency call light again. MSM Edward, RN Zaragoza, and CNA King responded, picked Plaintiff off of the ground, and placed her in the bed. MSM Edward threatened to retaliate against Plaintiff with a room move if she complained about this incident.

3. On March 12, 2015, Plaintiff was walking at a slow pace to the law library using her walker. She was escorted by Recreation Director Berber and another inmate. Berber told Plaintiff to sit on her walker, and Berber began pushing Plaintiff very fast while talking to the other inmate. While pushing Plaintiff, Berber hit a hole in the concrete, and Plaintiff fell off of the walker. As a result of the fall, Plaintiff's elbows were injured, she suffered bruising to her back and elbows, and she hurt her head. She also suffers continuing pain.

4. On May 10, 2015, at approximately 10:00 a.m., Plaintiff was forced by CNAs Betty and Ray to go to the prison church without her oxygen tank and holder. While at the church, Plaintiff began experiencing shortness of breath. Defendant Doe Officer brought Plaintiff an oxygen tank, but took it back following church services at the direction of CNA Betty and MSM Thomas. When the oxygen tank was removed, Plaintiff fell to the floor gasping for breath. Plaintiff continued to suffer shortness of breath and breathing difficulties in front of CNA Betty, MSM Thomas and Defendant Officer Doe for approximately 30 minutes before CNA Ray gave Plaintiff a breathing treatment.

5. On May 20 and 22, and on June 2 and 16, 2015, Plaintiff complained to Drs. Lwin, Virk, and Mitchell to CNA Ray of chronic pain, but none of these Defendants prescribed or administered medication that would alleviate Plaintiff's pain.

6. Between June 21 and September 1, 2015, Plaintiff complained many times to Defendants Ray, Zelogaza, Kane, Carr, Lwin, Mitchell, Maranda, Anita, Marie, and Michelle about her ailments, but she never received any treatment.

7. When Plaintiff seeks medical help and treatment from Dr. Lwin, this Defendant dismisses Plaintiff's complaints as psychologically-related. As a result, Dr. Lwin fails to properly treat Plaintiff's medical needs. Dr. Lwin has threatened to withhold Plaintiff's breathing treatments and other medications if Plaintiff fails to take her psychiatric medications. Dr. Lwin ignores Plaintiff's seizures; fails to treat Plaintiff's headaches, feet sores, and blurred vision; fails to examine for cancer; and fails to provide a portable oxygen tank.

1
2
3
4
5
6
7
8

      8.     On May 26, 2015, Plaintiff hit the emergency call light twice but no one on medical staff responded. On November 22, 2015, Plaintiff hit the emergency call light and banged on her room door with a cup after experiencing breathing problems, but no one on medical staff responded for over an hour. Again on November 25, 2015, Plaintiff hit the emergency call light due to abnormal blood pressure and oxygen levels, but received no medical response. Between November 28, 2015, and December 2, 2015, Plaintiff fell three times due to the Defendants' failure to answer Plaintiff's emergency call light calls.

9
10
11

      9.     On November 26, 2015, Plaintiff began experiencing breathing problems and asked MSM Suedue for a breathing treatment, but this Defendant refused even though Plaintiff had tears in her eyes from difficulty breathing.

12
13
14
15
16

      10.     Also on November 26, 2015, Plaintiff began experiencing breathing problems and hit the emergency call light. Twenty minutes later, MSM Miller responded. When Plaintiff told this Defendant her problem, MSM Miller contacted MSM Bosley, who told Plaintiff that it was not his/her job to get Plaintiff off of the floor. Plaintiff remained on the floor for over 45 minutes.

17
18
19
20
21
22
23
24
25
26

      11.     On January 2, 2016, Defendant Wurztler was distributing medicine without a glove. Plaintiff then observed this Defendant spit into the cup with Plaintiff's medications and then attempt to dispense the medication to Plaintiff. When Plaintiff complained to Wurztler's supervisor, Defendant Chan, she was told to take the medication or Defendant Chan would tell Plaintiff's doctors to stop prescribing medication. On January 25, 2016, Plaintiff was having trouble breathing, requiring a breathing treatment. Defendant Wurztler came into Plaintiff's room and said, "I'm not going to wear gloves when I handle you or your medications, and I'm not going to give you any breathing treatments." This Defendant then used her finger to stir the Plaintiff's medications in front of Plaintiff, but Plaintiff refused to consume the cup of medication.

27
28

Plaintiff seeks declaratory and injunctive relief, compensatory damages in the amount of $1,450,000 from each Defendant, and punitive damages in the amount of $1,500,000 from each Defendant.

## IV. DISCUSSION

### 1. Joinder

In her original complaint, Plaintiff brought suit against over 20 Defendants asserting claims concerning multiple, unrelated events. The Court's March 17, 2016, Screening Order dismissed the complaint with leave to amend and advised that if she chose to amend, she could only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all Defendants named therein. Fed. R. Civ. P. 20(a)(2).

Rather than heed the Court's advice, Plaintiff has added a new claim. The Court is therefore forced to once again dismiss the pleading for Plaintiff's failure to comply with the Federal Rules of Civil Procedure regarding joinder. To repeat: Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits ..." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff is again informed that, though her claims relate generally to Defendants' responses to her medical needs, the specific instances do not arise from the same or even related transactions so as to be brought in a single lawsuit. Plaintiff will, however,

6

be granted **one final opportunity to amend**. If she chooses to do so, she must decide which transaction or occurrence she wishes to be the subject of this action.

Although the above deficiencies make it impractical for the Court to determine if any of Plaintiff's claims reflects a cognizable claim against any one of the Defendants, it will provide the following general guidance should Plaintiff choose to file a Second Amended Complaint.

### 2.   Linkage and Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of her rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978). Oftentimes, Plaintiff attempts to impose liability on Defendants by referring generally to "medical staff." This lacks the requisite level of specificity to impose liability on any one Defendant.

Moreover, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their supervisory duties.

### 3. Doe Defendants

Plaintiff brings suit against Doe Defendants 1-50, but her complaint identifies, at most, only two Doe Defendants. Generally, Doe pleading is disfavored in this Circuit. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nevertheless, Plaintiff may proceed against Doe Defendants if she numbers them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person. As with named Defendants, Plaintiff must identify how each Doe Defendant is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, at *2 (N.D. Cal. Oct. 14, 2009).

### 4. Official Capacity Claims

Plaintiff seeks damages and injunctive relief from the Defendants in their individual and official capacities.

The Eleventh Amendment bars federal suits for violations of federal law against state officials sued in their official capacities for damages and other retroactive relief. Quern v. Jordan, 440 U.S. 332, 337 (1979); Peralta v. Dillard, 744 F.3d 1076, 1084 (9th Cir. 2014) (en banc); Pena v. Gardener, 976 F.2d 469, 472 (9th Cir. 1992). The Eleventh Amendment also bars federal suits for violations of state law against state officials sued in their official capacity for retrospective and prospective relief. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); Pena, 976 F.2d at 473. However, the Eleventh Amendment does not bar federal suits against state officers sued in their official capacities for prospective relief based on an ongoing violation of plaintiff's federal constitutional or statutory rights. Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U.S. 123, 159-60 (1908); Central Reserve Life of North America Ins. Co., 852 F.2d 1158, 1161 (9th Cir. 1988). Thus, the Eleventh Amendment does not preclude suits against state officials for injunctive relief. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997); Ex Parte Young, 209 U.S. 123 (1908). In addition, the Eleventh Amendment does not bar federal suits for violations of federal law or state law against state officials sued in their individual capacities for damages. Scheuer v.

1  Rhodes, 416 U.S. 232, 238 (1974); Ashker v. California Dep't. of Corrections, 112 F.3d
2  392, 394 (9th Cir. 1997); Pena, 976 F.2d at 473-74.
3      Pursuant to this legal framework, Plaintiff is barred by the Eleventh Amendment
4  from seeking damages from any of the Defendants in their official capacities, though she
5  may seek prospective injunctive relief against them, assuming for the moment that
6  Plaintiff is able to state a cognizable constitutional violation. Plaintiff is not barred from
7  proceeding against the Defendants in their individual capacities.

8      **5.    Declaratory Relief**

9      In addition to damages, Plaintiff seeks declaratory relief. Plaintiff's claims for
10 damages necessarily entail a determination of whether her rights were violated, and
11 therefore, her separate request for declaratory relief is subsumed by those claims.
12 Rhodes v. Robinson, 408 F.3d 559, 566 n. 8 (9th Cir. 2005).

13     **6.    Eighth Amendment Medical Indifference**

14     Plaintiff claims that, on multiple occasions, each of the Defendants has been, in
15 one way or another, deliberately indifferent to her medical needs. Though the Court
16 declines to consider whether Plaintiff has stated a claim against each of named
17 Defendants due to the aforementioned reasons, the Court provides Plaintiff with the
18 following legal standards to guide her should she choose to file a Second Amended
19 Pleading.
20     A claim of medical indifference requires: 1) a serious medical need, and 2) a
21 deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th
22 Cir. 2006).  A serious medical need may be shown by demonstrating that "failure to treat
23 a prisoner's condition could result in further significant injury or the 'unnecessary and
24 wanton infliction of pain.'" Id.; see also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th
25 Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find
26 important and worthy of comment or treatment; the presence of a medical condition that
27 significantly affects an individual's daily activities; or the existence of chronic and
28

substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson v, Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002)). "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes. McGuckin, 974 F.2d at 1060 (internal quotation marks omitted); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." McGuckin, 974 F.2d at 1060.

## V.   CONCLUSION AND ORDER

Plaintiff's FAC contains unrelated claims against multiple Defendants in violation of Federal Rule of Civil Procedure 20(a)(2). The Court will grant Plaintiff **one final opportunity** to file a Second Amended Complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). **Plaintiff is reminded that, if she chooses to amend, she may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to**

**all Defendants named therein. Fed. R. Civ. P. 20(a)(2). Plaintiff must file individual actions for unrelated claims against unrelated Defendants.** Another failure to comply in this regard will result in a recommendation that the case be dismissed without further leave to amend.

If Plaintiff opts to amend, she must demonstrate that the alleged acts resulted in a deprivation of her constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus her efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The May 18, 2016, Findings and Recommendations (ECF No. 10) are VACATED;

2. Since Plaintiff was previously granted leave to amend, Plaintiff's motion to amend (ECF No. 11) is DENIED as moot;

3. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of her First Amended Complaint, filed May 23, 2016;

4. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

5. Plaintiff shall file a Second Amended Complaint within thirty (30) days; and

6. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   June 6, 2016              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE