UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>          Plaintiff,<br><br>     v.<br><br>S. LWIN, et al.,<br><br>          Defendants. | **CASE No. 1:16-cv-0168-LJO-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**1) DISMISS FEDERAL CLAIM WITHOUT LEAVE TO AMEND; AND**<br><br>**2) DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM**<br><br>**(ECF NO. 16)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's second amended complaint is before the Court for screening.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.     Relevant Background and Plaintiff's Allegations**

In the previous iterations of her pleading, Plaintiff, in violation of the Federal Rules of Civil Procedure, brought a litany of unrelated claims against a host of Defendants. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). These pleadings were dismissed with notice of applicable pleading requirements and leave to amend.

In this second amended complaint, Plaintiff focuses her claim on a single incident involving Defendant Berber, the Recreation Director of the Central California Women's Facility where Plaintiff is housed. Plaintiff also names Dr. Lwin in the caption of the complaint. This complaint may be fairly summarized as follows:

On March 12, 2015, Plaintiff was walking slowly to the prison library using her medical walker while being escorted by Defendant Berber. Defendant told Plaintiff to sit atop the walker. When Plaintiff did so, Defendant began to push the walker very quickly while talking to another inmate. At some point, the walker hit a hole in the floor and Plaintiff fell off the walker onto the pavement, resulting in injury and continuing pain.

Plaintiff brings claims under the Eighth Amendment and a state law negligence claim. She seeks damages and injunctive relief.

**IV.     Analysis**

**1.     Linkage**

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of her rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978). Plaintiff names Dr. Lwin in the caption of the second amended complaint but asserts no charging allegations as to this Defendant. Accordingly, Dr. Lwin should be dismissed from this action.

### 2. Eighth Amendment Deliberate Indifference

The Eighth Amendment prohibits cruel and unusual punishment. As applied to prisoners, it prohibits inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Id. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe

the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff here alleges that Defendant Berber pushed Plaintiff along on a walker too quickly and when the walker hit a hole in the floor, Plaintiff fell off and was injured. There is no claim, however, that Defendant Berber pushed Plaintiff into the hole deliberately or otherwise knew that there existed an excessive risk of harm to Plaintiff's safety. Such allegations, at best, assert mere carelessness or negligence and, as such, are insufficient to constitute a cognizable Eighth Amendment claim. Accordingly, the second amended complaint must be dismissed.

### 3. Supplementary Jurisdiction

Plaintiff also asserts a state law negligence claim. Attachments to the second amended complaint demonstrate that Plaintiff attempted to exhaust her administrative remedies as to Defendant's conduct, and filed a claim postmarked January 29, 2016, with the California Victims Compensation and Government Claims Board ("the Claims Board"). ECF No. 16 at 21.

Under the California Tort Claims Act, filing a tort claim within the time and in the manner prescribed by statute is a prerequisite to filing a lawsuit against any state employee or agency. See Cal. Gov't Code §§ 905.2, 911.2 (West 2016); Cal. Gov't Code §§ 945.4, 950.2 (West 2016). A personal injury claim, such as that asserted here, must be filed within six months of when the cause of action accrues. Cal. Gov't Code § 911.2. This applies to "injur[ies] resulting from an act or omission [of a public employee] in the scope of his employment as a public employee ...." Cal. Gov't Code § 950.2. It appears Plaintiff's claim was filed more than six months after the March 12, 2015, incident involving Defendant Berber. It also does not appear that Plaintiff has received a response yet from the Claims Board.

In any event, in the absence of a cognizable federal claim, the Court will recommend that supplemental jurisdiction not be exercised over the state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805

(9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

**V.     Conclusion and Order**

Plaintiff's second amended complaint fails to state a claim. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

After careful consideration of Plaintiff's allegations and the attachments to the pleading, which include Plaintiff's administrative appeal related to her claim, the undersigned has determined that amendment would be futile because Plaintiff's allegations simply do not rise to the level of a constitutional violation. On this ground, the Court will recommend that the pleading be dismissed without leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed without leave to amend for failure to state a federal claim, and
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 20, 2016              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE